I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 2/2/09

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

FEB - 2 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FRANCISCO J. HERNANDEZ,   ) Case No. SACV 09-0109-SGL (RNB)
                          )
             Petitioner,  )
                          ) ORDER TO SHOW CAUSE
       vs.                )
                          )
M. MARTEL, Warden (A),    )
                          )
             Respondent.  )
_____)

On January 28, 2009, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein.[1] The Petition purports to be directed to a 2003 conviction sustained by petitioner in Orange County Superior Court. (See Pet. at ¶¶ 1-2). Petitioner purports to be raising seven grounds for relief. (See id. at ¶ 7 and attached pages).

Based on its review of the Petition (including the attached pages), it appears to the Court (a) that three of petitioner's claims are unexhausted, and (b) that the Petition is time barred. Accordingly, on or before **March 2, 2009**, petitioner is ordered to show cause in writing (if any he has) why the Court should not recommend

---

[1] The proof of service date on the Petition is December 26, 2008.

1

that this action be dismissed with prejudice on the ground of untimeliness[2] and even if the Petition is not time barred, why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies.[3]

## The exhaustion issue

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[4] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-

---

[2] The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[3] Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

[4] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).

Here, it appears from the face of the Petition that petitioner did not exhaust his state remedies with respect to three of his seven grounds for relief. Specifically, Grounds Five, Six, and Seven do not appear to correspond to any of the grounds that petitioner has listed as having been raised in his Petition for Review to the California Supreme Court (which is the only California Supreme Court filing identified in the Petition). Indeed, in ¶ 8 of the Petition, petitioner concedes that Grounds Five, Six, and Seven were not previously presented to the California Supreme Court.

Accordingly, petitioner's inclusion of Grounds Five, Six, and Seven in the Petition renders the Petition a "mixed petition" containing both exhausted and unexhausted claims. If it were clear here that petitioner's unexhausted claims were procedurally barred under state law, then the exhaustion requirement would be satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court would hold that petitioner's unexhausted claims are procedurally barred under state law, if petitioner were to raise them in a habeas petition to the California Supreme Court (which being an original proceeding is not subject to the same timeliness requirement as a Petition for Review of a Court of Appeal decision). See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either statutory "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court. See 28 U.S.C. § 2254(b)(1)(B).

Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982); see also Coleman v. Thompson, 501 U.S. 722, 731, 115 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Castille, 489 U.S. at 349. However, more recently, the Supreme Court has held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) (holding "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court"). Here, the Court notes that petitioner has not requested that the Court hold the Petition in abeyance while he returns to state court to exhaust his state remedies with respect to Grounds Five, Six, and Seven of the Petition, let alone purported to make the necessary showing of good cause for his failure to exhaust those claims first in state court.[5]

Per Rhines, where the petitioner has presented the district court with a mixed petition and the Court determines that stay and abeyance is inappropriate, the district court must "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." See Rhines, 544 U.S. Ct. at 278. Here, however, it appears to the Court that affording petitioner the option of proceeding with his four exhausted claims is not warranted because, as discussed in the next section, it appears from the face of the Petition that this action is time barred in any event.

---

[5] Petitioner would also have to satisfy two other prerequisites to invoking the stay and abeyance procedure, namely convince the Court (a) that his unexhausted claims are not "plainly meritless," and (b) that he has not engaged in "abusive litigation tactics or intentional delay." See Rhines, 544 U.S. at 277-78.

**The time bar issue**

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[6] 28 U.S.C. § 2244(d) provides:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the

---

[6] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

5

exercise of due diligence."

Here, according to the Petition (see Pet. at ¶ 4.c), petitioner's Petition for Review was denied by the California Supreme Court on June 8, 2005. Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was September 6, 2005, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(B). Nor does it appear that petitioner has a basis for contending, with respect to any of his claims, that he is entitled to a later trigger date under § 2244(b)(1)(C) because the claim is based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Moreover, at least with respect to Grounds One through Four (which appear to correspond to claims raised by petitioner on direct review and in his Petition for Review) and Ground Seven, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(D) since petitioner was aware of the **factual** predicate of each of those claims as of the date he was convicted and sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute exists, it appears that petitioner's last day to file his federal habeas petition was September 6, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

1   28 U.S.C. § 2244(d)(2) provides:

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In <u>Nino v. Galaza</u>, 183 F.3d 1003 (9th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1104 (2000), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." <u>See id.</u> at 1006. <u>Accord</u>, <u>Carey v. Saffold</u>, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge. <u>See Nino</u>, 183 F.3d at 1006.

Here, petitioner has identified only one collateral challenge in the Petition-- the Los Angeles Superior Court habeas petition that petitioner maintains he filed on February 8, 2006. (<u>See</u> Pet. at ¶ 6.a). Although petitioner would be entitled to statutory tolling for the pendency of that state collateral challenge from February 8, 2006 through March 24, 2006, the effect of that filing merely was to extend petitioner's federal filing deadline by 45 days to October 21, 2006, still more than two years prior to the constructive filing of the Petition herein.

In <u>Beeler</u>, 128 F.3d at 1287-89, the Ninth Circuit further held that the timely filing of a habeas petition was not jurisdictional, but rather was subject to equitable

7

tolling. If petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to this Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances" beyond petitioner's control stood in his way and/or made it impossible for him to file the Petition on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied, 127 S. Ct. 1880 (2007); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

DATED: January 30, 2009

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE